**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

LAWRENCE D'ADDARIO,
    suing individually and on behalf of
    all others similarly situated, and
    derivatively on behalf of
    RMS TITANIC, INC.,

        Plaintiff,

v.                                         ACTION NO. 2:02cv250

ARNIE GELLER,
GERALD COUTURE, and
RMS TITANIC, INC.,

        Defendants.

<u>**REPORT AND RECOMMENDATION**</u>
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

    Three motions were referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference entered June 6, 2005.

    The motions are:

    1. Motion by defendant RMS Titanic, Inc. ("RMST") to Appoint Independent Person pursuant to Fla. Stat. § 607.07401(3)(c) (Document No. 206),

    2. Plaintiff's Motion to Compel Production of Documents (Document No. 209), and

    3. Defendants Geller and Couture's Motion for Summary Judgment for Failure to Make a Demand (Document No. 211).

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

RMST was incorporated in May, 1993 under Florida law.  Prior to November 26, 1999, the RMST board of directors consisted of six individuals: George Tulloch, Alan Carlin, P.H. Nargeolet, Kurt Hothorn, Arnie Geller and G. Michael Harris.  On November 26, 1999, all of these individuals, except Mr. Geller and defendant Harris, were ousted as directors of RMST.  Undisputed Facts ¶ 3.  Counsel RMST represented at oral argument that presently, the RMST board of directors consists of Nick Cretan, director, Doug Banker, director, Arnie Geller, President and CEO, and Gerald Couture, President and CFO.  All current board members were defendants to the original action of this suit.

Since October of 2000, RMST's principal office and principal place of business has been in Atlanta, Georgia. Undisputed Facts ¶ 2.  Arnie Geller ("Mr. Geller") is presently RMST's President and Chief Executive Officer and a member of the board of directors.  Gerald Couture ("Mr. Couture") is RMST's current Vice-President, the Chief Financial Officer, and a director.

Plaintiff, Lawrence D'Addario ("Mr. D'Addario"), filed this shareholder derivative suit on April 15, 2002 against RMST's current directors and officers on behalf of similarly situated shareholders and derivatively on behalf of RMST.  Mr. D'Addario also brought suit against former officer and director G. Michael Harris and against shareholder Joe Marsh for their involvement in the acts of which Mr. D'Addario complains.

This case was extensively litigated in the district court, where a final order was entered on April 26, 2004, dismissing the entire case (Document No. 197).

The Court of Appeals for the Fourth Circuit reversed the dismissal of Count I, a claim of "breach of fiduciary duty due to 'fraud, self dealing, mismanagement, diversion and waste of

corporate assets'" and remanded the case for trial.

The case is now set for trial on July 25, 2005.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.    Motion to Appoint Independent Person**

On April 29, 2005, defendant RMST moved this Court to appoint an independent person pursuant to Florida Statute § 607.07401 (3)(c) for the purpose of conducting an investigation  to determine whether maintaining the derivative suit is in the best interest of the corporation.  On May 9, 2005, defendants Mr. Geller and Mr. Couture, currently members of board of directors of RMST, filed with the Court to join in this motion.  See Joinder of Defendants (Document No. 208).  Mr. D'Addario filed a brief in opposition to RMST's motion to appoint independent person (Document No. 212) on May 12, 2005, to which RMST filed a reply brief (Document No. 215) on May 20, 2005.

The defendant corporation, RMST, although nominally named as a defendant, will be the sole beneficiary of any relief awarded in this shareholder derivative suit; Mr. D'Addario will not receive any relief granted in this suit if he prevails.  Because this is a shareholder derivative suit, D'Addario derives his right to bring this suit from the corporation; he does not represent his own interests, but rather the interest of the corporation and the shareholders generally.

Florida has implemented Florida Statute § 607.07401 (3)(c)[1] to allow for the corporation to either appoint, or move the court to appoint, an independent panel to determine whether the

---

[1]"The court may dismiss a derivative proceeding if, on motion by the corporation, the court finds that [an independent person or panel] has made a determination in good faith after conducting a reasonable investigation . . . that the maintenance of the derivative suit is not in the best interests of the corporation."  Fla. Stat. § 607.07401 (3)(c).

derivative suit is in the "best interest" of the corporation, the primary beneficiary in a shareholder derivative suit.   Allowing the court to dismiss a derivative suit at the recommendation of an independent investigator prevents unnecessary litigation, and conserves both corporate and judicial resources. ("The committee would allow the corporation, through an independent group, to investigate such a claim . . . protecting the corporation from potential costly litigation of frivolous or unfounded claims.") See Cf. Brown Crafts, Inc. v. Aldrich, 148 F.R.D. 547, 550 (E.D.N.C. 1993).

Florida Statute § 607.07401(c)(3) on its face provides no standard for the Court to grant or deny a motion to appoint an independent person.  It contains no language indicating either that the Court *must allow* or *may deny* such a motion, but does not expressly state the Court *may deny* such motion at its discretion.  Without statutory indication that the motion is mandatory or supporting case law to that effect, the Court, in performing its role of granting or denying motions, must rely on its judgment to grant or deny the motion.

Florida does not have pertinent case law, so the Court will look to precedent from other states analyzing similar statutes.  This body of case law indicates that appointment of an independent investigator is exercised, at the discretion of the court, when the corporation has not appointed a special litigation committee and the court finds that "an independent review of the demand [is] essential because of the nature of the plaintiff's allegations."  See Hirsch v. Jones Intercable, Inc., 984 P.2d 629, fn 4 (1999); see e.g. Demoulas v. Demoulas Supermarkets, Inc., 424 Mass. 501 (1997).  Florida Statute § 607.07401(c)(3) contains no mandatory language that the motion be granted, but states that a court "may dismiss a derivative suit if, on motion by the corporation," it deems the suit disparate from the corporation's best interests. The precedent provided by other jurisdictions and the discretion included on the face of Florida Statute § 607.07401 suggest that the

motion to appoint may be granted or denied at the discretion of the court.

In RMST's Brief in Support of Motion to Appoint Independent Person (Document No. 207), RMST attempts to advance Florida precedent analyzing a separate obligation of the Court under the same statute. RMST presents the standard applied for a court to dismiss an action *after* an independent investigator has reported its findings to the court. See id. at 6. This standard refers not to the court's granting or denying a motion to appoint, but exclusively to the court's decision to dismiss the action. Furthermore, this standard makes no mention of the court's discretion to grant the motion to appoint an independent investigator, and is therefore inapplicable to the motion at hand.

RMST points to the language espoused by the Florida appeals court: "had the legislature intended to mandate such an analysis [into the business judgment of the committee's recommendation] by the trial court, it would have likely specified so[.]" See id. RMST analogizes the legislature's lack of instruction for the trial court in that instance to the legislature's lack of requirement for this Court to make findings before granting the motion. Based on this logic, RMST assumes that the motion is mandatory, postulating that "[t]he only requirement for the appointment of a panel is for the corporation to ask for one." See id. This assumption is unsupported by the statute. A lack of requirement for findings can hardly be said to render a motion mandatory. Because the legislature refrained from including mandatory language in the statute, an assumption that the legislature intended the statute to be mandatory is erroneous.

The statute contains no word or phrase that indicates the statute is mandatory. To the contrary, the statute states that the court "*may* dismiss a derivative proceeding" upon the recommendation of a "panel of one or more independent persons *appointed by the court upon motion*

by the corporation." (Florida Statute § 607.04701(3)) (emphasis added).  First, the word "*may*"

indicates the legislature's intent that the court exercise discretion when operating under this statute.

Second, the statute requires the corporation to *move the court* to appoint a person, not simply request

such appointment.   The lack of mandatory language, indication of judicial discretion, and

requirement that appointment be made only upon court motion, indicate that the court retains

discretion to grant or deny the motion upon a showing of reasonable necessity.

With these controlling principles in mind, the Court turns to the merits of the motion for

appointment of independent person.

RMST requests the appointment of an independent person to conduct an investigation into

the corporation's interest in maintaining this action, claiming that it "believes that the appointment

of an independent person can serve the dual purpose of conserving corporate and judicial resources."

See RMST's Brief in Supp. of Mot. to Appoint Indep. Pers. (Document No. 207).  RMST brings this

motion more than three years after the commencement of the original suit.  While the appointment

of an independent investigator could hold some potential benefit for the corporation, this possible

benefit must be compared to the impact the appointment will have on the overall action.  See cf.

Crown Crafts, Inc. v. Aldrich, 148 F.R.D. 547, 552 (E.D.N.C. 1993) ("In weighing the factors in

favor of and against the appointment of a committee and a stay of this action, the court is satisfied

that this case does not present a legitimate opportunity to appoint a committee and the stay of [the

corporation's] derivative actions.")

While RMST's stated purpose of appointing an independent investigator is to save corporate

and judicial resources, any benefit to the corporation would be negligible at this late date.  Despite

RMST's contentions, appointment of an independent panel and the subsequent launching of an

6

investigation would unquestionably lengthen the duration of litigation and expend judicial resources. Appointment of an independent investigator may require the corporation to expend resources to finance the investigation.[2]  The ensuing investigation would likely require a stay of action to allow for thorough scrutiny, dragging out the duration of this case and burdening the corporation and the judiciary.  The timing of this request subverts any potential benefit such a motion may have to the corporation.  Because the trial is scheduled for July 25, 2005 and only weeks away, allowing the parties to proceed as planned stands as the more expedient solution.

The Court may consider the untimeliness of the motion when exercising its discretion to grant or deny the motion.  In Demoulas, 424 Mass. at 525, the appellate court held that the trial court "acted well within its discretion in denying the defendants' motion to appoint a special litigation committee to evaluate the action. . .  in view of the defendant's untimely request for a committee made on the eve of the trial."  Because an untimely motion will likely add to the cost and duration of a lawsuit, the Court should analyze these factors when considering the motion.  In Crown Crafts, 148 F.R.D. at 555, the court denied the motion to appoint an investigations committee on the conclusion that it would "very likely only delay litigation and increase its costs."  The instant motion made by RMST raises similar concerns.

Granting the motion poses the additional complication of expanding litigation to consider the findings of an independent investigation.  In Crown Crafts, 148 F.R.D. at 555, the district court pointed out that granting the motion would have the effect of "creating an additional layer of

---

[2] Florida Statute § 607.04701(5) states: "On termination of the proceeding, the court may require the plaintiff to pay any defendant's reasonable expenses . . ."  While the corporation may recover expenditures made for the independent investigation from the plaintiff, there is no guarantee that the case will be dismissed or that the Court will require reimbursement from the plaintiff.

litigation, tangent to the underlying issue" in denying the motion.  Courts have become increasingly concerned about the crippling effect such motions and investigations may have on cases, as well as the underlying motivation, especially when filed at the eleventh hour.  "We have to be concerned about the creation of an "Independent Investigation Committee" four years later . . . Situations could develop where such motions could be filed . . . for reasons unconnected with the merits of the lawsuit."  See Zapata Corp. v. Maldonado, 430 A.2d 779, 787 (Del. 1981).  The instant case presents a situation in which granting the motion will inevitably inhibit the progression of the underlying action.

While RMST suggests that it could not have brought this motion earlier when the suit included a class action as well as the shareholder derivative action, nothing in the statute prohibits the motion to be made for the purpose of dismissing the shareholder derivative action, even if brought with a class action.  Additionally, the corporation has given no indication that it has launched its own investigation into the benefit the derivative action may hold for the corporation. While Florida Statute § 607.07401(3)(c) allows a court to appoint an independent person to make a determination of the derivative suit's benefit, this is not the only option.

Florida Statute § 607.07401 (3) (a) and (b), respectively, allow the determination to be made by: "(a)  A majority vote of independent directors present at a meeting of the board of directors; or (b) A majority vote of a committee . . . appointed by a majority vote of independent directors present at a meeting of the board of directors[.]" Despite the opportunity to bring this motion at an earlier date or launch its own investigation, RMST declined to take these measures, instead opting to call upon the Court just weeks before the trial to provide an independent investigator.  While the current motion may have been advantageous to the corporation earlier in the case, the motion holds little,

8

if any, benefit to the corporation over the impending litigation at this late date.

Finally, the determination as to the strength of the claims brought and the potential benefit of the derivative action to the corporation has been previously addressed by the Court of Appeals for the Fourth Circuit.  In D'Addario v. Geller, 2005 WL 428779, at *3, the Fourth Circuit found: "Th[e] evidence is sufficient to create a genuine issue of material fact as to whether Geller and Couture breached their fiduciary duties to RMST."  Based on this finding, the plaintiff, the corporation, and the defendants are entitled to a trial on the merits to determine whether the corporation has suffered injury at the hands of Mr. Couture and Mr. Geller.  Because the Fourth Circuit has already issued such a finding, an independent investigation is superfluous to this case.

The Court RECOMMENDS that the Motion to Appoint Independent Person be DENIED.

## B.  Geller and Couture's Motion for Summary Judgment

Defendants Geller and Couture filed a Motion for Summary Judgment for Plaintiff's Failure to Make Demand (Document No. 211). These defendants urge that the remaining count be dismissed because the plaintiff failed to make a demand on the RMST's Board of Directors for any of the relief he requests in this count. The defendants cite Florida Statute § 607.07401(2) for the requirement that the demand be made on the corporation. This reads as follows:

> A complaint in a proceeding brought in the right of a corporation must be verified and allege with particularity the demand made to obtain action by the board of directors and that the demand was refused or ignored by the board of directors for a period of at least 90 days from the first demand unless, prior to the expiration of the 90 days, the person was notified in writing that the corporation rejected the demand, or unless irreparable injury to the corporation would result by waiting for the expiration of the 90-day period. If the corporation commences an investigation of the charges made in the demand or complaint, the court may stay any proceeding until the investigation is completed.  Florida Statute § 607.07401(2).

There is no dispute that the plaintiff did not make a demand on the RMST's Board of

Directors for relief (Statement of Undisputed Fact, ¶5, at 3, Memo. of Def.'s Geller and Couture in

Supp. of the Mot. for Summ. J. for Pl.'s Failure to Make Demand) (Document No. 212).

The defendants raised this defense in their Answer at Paragraph 75 and presented it in a

Motion to Dismiss (Document No. 6), filed June 20, 2002. The Motion to Dismiss, however, relied

on Federal Rule of Civil Procedure ("F.R.C.P.") 23.1 and Florida case law which predated the July

1, 1990 adoption of Florida Statute § 607.07401(2).  See also Mem. of Law in Supp. of Mot. to

Dismiss at 28-29 (Document No. 17).

Acting upon the Motion to Dismiss, The Honorable Rebecca Beach Smith held that the

demand requirements of F.R.C.P. 23.1 were excused under the facts alleged in the Complaint.

D'Addario v. Geller, 264 F. Supp. 2d, 367, 393 (E.D.Va. 2003). In that opinion, the Court analyzed

F.R.C.P. 23.1 and Florida case law. Neither the defendants' motion or memorandum nor the Court

analyzed the governing Florida Statute § 607.07401(2). Counsel for defendants Geller and Couture,

during argument on June 23, 2005, stated that they had failed to present the statutory requirement

of a demand on the corporation at the time of filing the Motion to Dismiss on June 20, 2002.  The

defendants insisted that their failure to present an argument pursuant to Florida statutory law in the

Motion to Dismiss was not a waiver of their right to continue to pursue the dismissal of the

stockholder derivative action because of Mr. D'Addario's failure to make a demand on the Board

of Directors of RMST.

The defendants explain that this Motion for Summary Judgment is based not only on the

Florida statute, but on the fact that the plaintiff D'Addario provided no explanation for his failure

to make a demand on RMST's Board of Directors for the relief requested in this civil action.  Mem.

of Defendants Geller and Couture in Supp. of Mot. for Summ. J. for Pl.'s Failure to Make Demand,

10

Exhibit A at 276(Document No. 212).  The defendants can point to no case law or statute, however, that indicates that plaintiff's subjective thought process regarding whether demand should be made and is of any value or persuasion in this instance. A reading of Florida Statute § 607.07401(2) sets forth only an objective requirement on the plaintiff and does not take into consideration what the plaintiff thought about making a demand on the corporation.

The statute, in fact, makes it mandatory that the plaintiff make a demand on the corporation before suing the corporation in a stockholder derivative action. The United States Supreme Court, in Kamen v. Kemper Financial Services, Inc., 500 U.S. 90, 102 at n.7 (1991), acknowledged that the Florida statute was a universal demand rule. There appears to be no Florida state case interpreting this statute. The sole Florida federal case is McDonough v. Americom Int'l. Corp., 151 F.R.D. 140, 142 (M.D.Fla. 1993). That federal case relied on F.R.C.P. 23.1 and Florida cases which predated the July 1, 1999 adoption of Florida Statute § 607.07401(2) to decide that a shareholder was not required in all instances to make a demand on the corporation. The McDonough case analysis was very similar to the analysis by Judge Smith in her opinion on the Motion to Dismiss cited above.

Thus, there is no reliable authority, except the statute, upon which to base a decision as to whether a demand on the corporation was required by Mr. D'Addario prior to filing suit. The undersigned RECOMMENDS that the district judge find that there is a mandatory requirement that a shareholder in Florida file a demand on the corporation for the relief sought prior to filing suit. This is based on the plain language of the statute with no Florida case law questioning that plain language.

Dismissal in this case reaches an absurd and overly rigid result since, as Judge Smith noted in her opinion, the plaintiff had not only sued the corporation, but all members of the Board of Directors of the corporation. The likelihood of all members of the Board of Directors taking action

against themselves is remote.

The plaintiff claims that defendants waived the defense of the mandatory demand issue and are estopped from asserting it. The Court agrees.

The defendants should not be allowed to raise this issue more than three years after they filed the Motion to Dismiss. Whether from negligence, incompetence, or sharp dealing, a defendant should not be permitted to succeed on a motion for summary judgment in a case for failure to make a demand after three years of litigation, which includes an appeal. The Board of Directors of RMST has fought this case vigorously and there is no indication at this date that it would do anything other than refuse the plaintiff's demand. Requiring a demand at this stage and dismissing the case would reward the neglect or sharp dealing of the defendants Geller and Couture. The Motion to Dismiss based on Florida Statute § 607.07401(2) should have been made on June 20, 2002. Failure to do so waives the defendants' rights under the statute.

The Court RECOMMENDS that the defendants' Motion for Summary Judgment for Failure to Make a Demand be DENIED.

**C.  Plaintiff's Motion to Compel (Document No. 208)**

The plaintiff has requested the Court to compel the production of documents numbered 256 and 257(ii), entitled "Strategy Memo." The Honorable Rebecca Beach Smith ordered the undersigned to prepare a report and recommendation on this discovery dispute (Document No. 219).[3]

Defendants Geller and Couture, in 2003, objected to the production of certain documents,

---

[3]Motions to compel are usually referred to magistrate judges to hear and decide under 28 U.S.C. § 636(b)(1)(A). However, a district judge may refer a discovery matter to a magistrate judge for a report and recommendation.  Delco Wire & Cable, Inc. v. Weinberger, 109 F.R.D. 680 (E.D.Pa. 1986).

including the one at issue, which had been turned over to the Securities and Exchange Commission ("SEC") and claimed an SEC production privilege. Defendants at that time presented no other basis for withholding the document. The undersigned, by Order of October 29, 2003 (Document No. 101), upheld the SEC production privilege and that Order was upheld by Judge Smith (Document No. 140). The Court of Appeals for the Fourth Circuit reversed the Order and found that the district court erred by failing to order the documents produced. D'Addario, at *5. The Court of Appeals noted that the defendants were not asserting an attorney-client or work product privilege to the documents.

Upon remand, at the Supplemental F.R.C.P. 16(b) Conference, the undersigned directed that all of the withheld SEC documents be produced to the plaintiff.

Defendants Geller and Couture now argue that one document is subject to the attorney-client privilege. The Court FINDS that, because of defendants' failure to assert the attorney-client privilege in 2003 when they were objecting to the production of the documents in question, they have waived the attorney-client or work product privilege.

F.R.C.P. 26(b)(5) requires that a party withholding discoverable material must "...make the claim expressly...."  The Court FINDS that the failure to expressly make the claim of attorney-client privilege in 2003 acts as a waiver of the attorney-client privilege because of the failure to timely make the privilege assertion.

The Court RECOMMENDS that Document Nos. 256-257(ii) be produced.

## IV.  RECOMMENDATION

For the foregoing reasons, the Court RECOMMEND that defendant RMS Titanic, Inc.'s Motion to Appoint Independent Person and defendants Geller and Couture's Motion for Summary Judgment for Failure to State a Demand be DENIED and that plaintiff's Motion to Compel be

GRANTED.

## V.  **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/
_____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

June  28, 2005

14

## <u>CLERK'S MAILING CERTIFICATE</u>

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

William Ryland O'Brien, Esq.
Brydges O'Brien & Frucci PC
1369 Laskin Rd.
Virginia Beach, VA 23451

Steven Gary Storch, Esq.
Storch, Amini & Munves, P.C.
2 Grand Central Tower
25th Floor
New York, NY 10017

Marianne Ruth Merritt, Esq.
Brien Michael Wassner, Esq.
Storch, Amini & Munves, P.C.
405 Lexington Avenue
New York, NY  10174

Robert McFarland, Esq.
Brian Wainger, Esq.
John David Padgett, Esq.
McGuireWoods LLP
World Trade Center
101 W Main St, Suite 9000
Norfolk, VA 23510-1655

John S. Wilson, Esq.
John Y. Pearson, Jr., Esq.
Willcox & Savage
One Commercial Place, Suite 1800
Norfolk, VA 23510-2197

Elizabeth H. Paret, Clerk

By _____
          Deputy Clerk

          June          , 2005

15